[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #101
The plaintiff is this action is Michael Pantano, Jr.[1] The defendants are Fran-Mar Enterprises, LLC d/b/a Monroe Spirits Shop and Frank Raymond Fulup, permittee. The plaintiff alleges the following facts in his complaint. On or about December 22, 2000, the plaintiff was a passenger in a vehicle owned and operated by William Everett. Everett was operating the vehicle at a high rate of speed while under the influence of alcohol when he suddenly and without warning, drove the vehicle off the roadway and struck a tree. The plaintiff to suffered serious injuries and damages. On December 22, 2000, prior to the accident, the defendants sold alcohol to Everett, who was 18 years old, while he was intoxicated. The accident and the plaintiff's injuries and losses were in consequence of Everett's intoxication.
The plaintiff filed his original two-count complaint on January 7, 2002. Count one alleged that the defendants violated General Statutes § 30-102, the Dram Shop Act, in selling alcohol to Everett while he was intoxicated. Count two alleged that the defendants' conduct was wilful and wanton. On January 22, 2002, the defendants filed a motion to strike count two on the ground that the plaintiff failed to allege sufficient facts to establish a claim against them for wanton and reckless conduct in the sale of alcohol to Everett. Six days later, on CT Page 9268 January 28, 2002, the plaintiff filed for leave to amend the complaint as a matter of right and an amended complaint. In count one of the amended complaint, the plaintiff again alleges that the defendants violated § 30-102. In count two, however, the plaintiff removed his allegation that the defendants' sale of alcohol to Everett was wilful and wanton. Instead, the plaintiff now alleges that the defendants violated General Statutes § 30-86, the statute that pertains to the sale of alcohol to a minor.[2] The plaintiff alleges that the defendants knew or should have known of the laws and regulations of the state of Connecticut prohibiting the sale of alcohol to minors whether or not they are intoxicated at the time of purchase. The plaintiff alleges that the defendants knew or should have known that Everett was under 21 years of age at the time he purchased alcohol from them and that they failed to have Everett sign a statement representing that he was 21 years of age. The plaintiff further alleges the defendants owed a duty to him as well as to the general public to refuse to sell alcohol to any and all minors including Everett. The defendants' conduct in selling alcohol to Everett, wantonly and recklessly breached this duty and the collision and the resulting injuries to the plaintiff were caused by this breach.
"[T]he rules of practice provide that pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading. . . . Under this analysis, a motion to strike is regarded as applicable to an amended complaint filed in response thereto." Flores v. Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971 (November 21, 2000, Foley, J.). In this case, the plaintiff, in amending the complaint, removed the allegations that form the basis for the defendants' motion to strike. Therefore, the defendants' motion to strike is denied.
GALLAGHER, J.